IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

SECURITIES AND EXCHANGE
COMMISSION,

              Plaintiff,

              v.                            Civil No. 13-5781 (RMB/AMD)

BRETT A. COOPER, et al.,

              Defendants.

## FINAL JUDGMENT AS TO ALL DEFENDANTS

PLAINTIFF Securities and Exchange Commission ("SEC" or "the Commission") having filed its complaint on September 27, 2013 charging defendant Brett A. Cooper ("Defendant Cooper") and his respective organizations Global Funding Systems LLC., ("Global Funding"), Dream Holdings, LLC ("Dream Holdings"), REOP Group Inc. ("REOP"), Fortitude Investing, LLC ("Fortitude"), and Peninsula Waterfront Development, L.P. ("Peninsula") (Global Funding, Dream Holdings, Fortitude and Peninsula are collectively, the "Cooper Companies") (Cooper Companies, REOP and Brett Cooper are collectively, the "Defendants"), with defrauding investors using fraudulent "Prime Bank" and "Finder's Fee" schemes, without benefit of registration as a broker or dealer under the securities laws;

AND the Commission having filed a Motion pursuant to Fed. R. Civ. P. 56(a), for summary judgment against the Defendants (the "Motion"), with accompanying documentation;

AND the Court having found that it has jurisdiction over the Defendants and over the subject matter of this action, and the jurisdiction to grant the relief requested by the Commission;

AND good cause appearing for the entry of this Summary Judgment *and Default Judgment, for the reasons set forth in the accompanying Opinion,*

**I.**

**IT IS HEREBY ORDERED THAT**, upon consideration of the facts and law as presented in that Motion and the accompanying documentation, and any responses thereto, and upon finding there to be no genuine dispute as to any material fact and that the Commission is entitled to judgment as a matter of law:

**PLAINTIFF COMMISSION'S MOTION IS HEREBY GRANTED IN FULL**, and each Defendant is found to have violated Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §§ 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder; and Defendant Cooper is found to have violated Section 15(a) of the Exchange Act [15 U.S.C. § 78o], ~~and aided and abetted the Cooper Companies' violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5]~~.

**II.**

**INJUNCTION AGAINST FURTHER VIOLATIONS OF EXCHANGE ACT SECTION 10(b) AND RULE 10b-5**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

### INJUNCTION AGAINST FURTHER VIOLATIONS OF SECURITIES ACT SECTION 17(a)

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### IV.

### INJUNCTION AGAINST PROMOTING INVESTMENT PROGRAMS

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Cooper and any entity that he controls or with which he is affiliated, and their officers, agents, servants, employees, attorneys, and those persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from participating directly or indirectly in the issuance, offer, or sale of any securities, including but not limited to bank guarantees, medium term notes, standby letters of credit, structured notes, and similar instruments, provided, however, that such injunction shall not prevent defendant Cooper from purchasing or selling securities listed on a national securities exchange.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants REOP and the Cooper Companies, and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from participating directly or indirectly in the issuance, offer, or sale of any securities, including but not limited to bank guarantees, medium term notes, standby letters of credit, structured notes, and similar instruments.

V.

### INJUNCTION AGAINST ACTING AS AN UNREGISTERED BROKER OR DEALER

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Cooper and his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o] by, directly or indirectly, in the absence of any applicable exception, make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of

any security unless such defendant is registered as a broker or dealer in accordance with Section 15(b) of the Exchange Act.

## VI.

## DISGORGEMENT AND PREJUDGMENT INTEREST TO BE PAID

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Cooper and the Cooper Companies are jointly and severally liable for disgorgement of $2,096,160, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $297,463, for a total of $2,393,623. ~~Defendants Cooper and the Cooper Companies shall satisfy the obligation by paying a total of $2,393,623 to the court's registry in the manner described below within 14 days after entry of this Final Judgment.~~

Defendants Cooper and REOP are jointly and severally liable for disgorgement of $50,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $4,016, for a total of $54,016. ~~Defendants Cooper and REOP shall satisfy the obligation by paying a total of $54,016 to the Court's registry in the manner described below within 14 days after entry of this Final Judgment.~~

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Cooper, the Cooper Companies and REOP as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

~~Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defenda~~nts.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt ~~(and/or thr~~ough other collection procedures authorized by law) ~~at any time after 14 days~~ following entry of this Final Judgment. Defendants shall ~~pay~~ be required to post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VII.
### CIVIL PENALTIES TO BE PAID BY DEFENDANTS

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants pay civil penalties pursuant to Exchange Act Section 20(d)(2)(C) [15 U.S.C. § 77t(d)(2)(C) and Securities Act Section 21(d)(3)(B)(iii) [15 U.S.C. § 78u(d)(3)(B)(iii)]. A third tier penalty provided under the Acts is appropriate because the Defendants' violations involved fraud and deceit which resulted in substantial losses to other persons. Therefore, the following

penalties are ordered as the proceeds realized by each Defendant from participating in the fraud:

(a) Defendant Cooper is ordered to pay in the same manner as described in paragraph VI $2,447,639, separately identified as a penalty payment in correspondence with the Court and the Commission.

(b) Defendant Global Funding is ordered to pay in the same manner as described in paragraph VI $308,667, separately identified as a penalty payment in correspondence with the Court and the Commission.

(c) Defendant Dream Holdings is ordered to pay in the same manner as described in paragraph VI $1,264,272, separately identified as a penalty payment in correspondence with the Court and the Commission.

(d) Defendant Fortitude is ordered to pay in the same manner as described in paragraph VI $320,468, separately identified as a penalty payment in correspondence with the Court and the Commission.

(e) Defendant Peninsula is ordered to pay in the same manner as described in paragraph VI $500,216, separately identified as a penalty payment in correspondence with the Court and the Commission.

(f) Defendant REOP is ordered to pay in the same manner as described in paragraph VI $54,016, separately identified as a penalty payment in correspondence with the Court and the Commission.

~~Regardless of whether any such Fund distribution is made as described in paragraph VI, above, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award~~

~~of compensatory damages in any Related Investor Action based on Defendants' payment of~~ disgorgement in this action, argue that Defendants are entitled to, nor shall Defendants further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, each Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against any Defendant by or on behalf of one or more investors based on substantially the same facts as ~~alleged in the Complaint in this action.~~

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this action for all purposes, including the implementation and enforcement of this Final Judgment.

IT IS SO ADJUDGED.

Dated: November 5, 2015

_____
The Honorable Renée Marie Bumb
United States District Judge